**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARLIN D. LONG,**
**Petitioner,**

**v.** **CASE NO. 07-3009-SAC**

**RAY ROBERTS,**
**Respondent.**

**MARLIN D. LONG,**
**Petitioner,**

**v.** **CASE NO. 07-3044-SAC**

**RAY ROBERTS,**
**Respondent.**

**O R D E R**

This case was initiated by an inmate of the El Dorado Correctional Facility, upon the court's receipt of a letter in which Mr. Long sought to "appeal" the state courts' denials of his post-conviction challenges to his state criminal convictions. The letter (Doc. 1) was construed by this court[1] as a petition for writ of habeas corpus, 28 U.S.C. § 2254.

**FACTS AND PROCEDURAL HISTORY**

Petitioner seeks to challenge his convictions on April 9,

[1] After a few days, petitioner submitted a "Docketing Statement," which was construed and filed as a Supplement to Petition (Doc. 2). Petitioner did not present the factual and legal bases for his claims in either of these initial filings, and the court entered an Order requiring that he complete and submit forms for filing a Section 2254 petition. Mr. Long thereafter submitted his form petition, but without the above case number, which resulted in the inadvertent opening of a new case, Long v. Roberts, Case No. 07-3044-SAC. Once the duplicate action was initially reviewed by the court, the two cases were consolidated for all purposes. The initial letter/petition (Doc. 1), the supplement (Doc. 2), and the form Petition (Doc. 1 in Case No. 07-3044) are hereinafter referred to collectively as the "original petition."

1998, by a jury, on retrial following mistrial, in the District Court of Sedgwick County, Kansas, of five counts of rape, two counts of aggravated sodomy, and one count of aggravated burglary, as well as his sentence to a controlling term of imprisonment for 1,487 months[2].

Mr. Long directly appealed his convictions and sentence with the assistance of his trial counsel. The Kansas Court of Appeals (KCOA) affirmed in a published opinion. State v. Long, 993 P.2d 1237 (Kan.App. 1999). The Kansas Supreme Court denied a Petition for Review on February 11, 2000[3].

On February 15, 2001[4], Mr. Long filed a petition for post-conviction relief pursuant to K.S.A. 60-1507 (1507 petition). The trial court denied the 1507 petition without an evidentiary hearing, and Mr. Long appealed to the KCOA. On April 9, 2004, the KCOA reversed with instructions, finding Mr. Long was entitled to a hearing on his claims of double jeopardy and ineffective assistance of trial counsel as it related to the double jeopardy claim. On remand, the trial court obtained the transcript of the

[2] The facts of Mr. Long's crimes are set out in State v. Long, 26 Kan.App.2d 644, 993 P.2d 1237 (1999), rev. denied, 268 Kan. 892 (2000); and need not be repeated in this Order. It is sufficient for consideration of this motion to summarize that Mr. Long was convicted of repeatedly raping and sodomizing the same victim, at different locations in her Wichita apartment within a period of one to two hours. The victim testified the events began with her being awakened by her unknown assailant, and she escaped by running naked and screaming from her apartment at 2 a.m. Mr. Long was captured by police that night in another apartment at the complex, and there was no question of identity. Mr. Long testified the sexual acts were consensual.

[3] Mr. Long did not file a Petition for Writ of Certiorari seeking review by the United States Supreme Court. It follows that his convictions "became final," for purposes of the statute of limitations applicable to federal habeas corpus actions, on May 12, 2000, the day after the 90-day time limit expired for filing a certiorari petition.

[4] It thus appears that the statute of limitations began running in this case on May 12, 2000; that 290 days of the 365-day statute-of-limitations period expired; and that the limitations period was then tolled upon the filing of Long's 1507 petition on February 15, 2001, with 75 days remaining.

relevant proceedings, which had not been available to the KCOA, and denied relief based upon that record. Mr. Long again appealed to the KCOA, which affirmed the denial on September 1, 2006. Long v. State, 141 P.3d 525, 2006 WL 2562816 (Appellate Case No. 94,260)(Kan.App. 2006). The Kansas Supreme Court denied a Petition for Review on December 19, 2006. The letter to this court initiating Mr. Long's federal habeas action was executed on January 9, 2007[5].

After Mr. Long complied with this court's initial order to submit his claims upon § 2254 forms, the court issued a show cause order to respondent. Respondent filed an Answer and Return, and petitioner filed a Traverse after both had been granted extensions of time.

On the same day Mr. Long filed his Traverse, he filed a Motion to Stay and for Abeyance (Doc. 18). In this Motion, petitioner suggests for the first time that he has claims which are unexhausted, making this a "mixed petition.[6]" However, he does not specify what unexhausted claims he seeks to present. He does not state that particular claims already presented in his federal Petition have not been exhausted, and to the contrary he alleged in

[5] The statute of limitations began running again when Mr. Long's 1507 proceedings were no longer pending, which was December 20, 2006; and ran for 20 days before his federal petition was filed. Thus, when this action was filed 55 days remained of the one-year statute of limitations.

[6] The United States Supreme Court held in Rose v. Lundy, 455 U.S. 509, 510 (1982), that a federal district court "may not adjudicate mixed petitions for habeas corpus, that is petitions containing both exhausted and unexhausted claims;" but must either dismiss a mixed petition allowing the petitioner to return to state court to exhaust his claims, or permit the petitioner to amend his federal petition to present only the exhausted claims. Under 28 U.S.C. 2254(b)(2), a district court faced with a mixed petition may either dismiss the entire petition without prejudice to allow exhaustion of state remedies, or deny the entire petition on the merits.

his Petition that all claims were exhausted[7]. Nor does he state that he has discovered new claims he wishes to present, which are not exhausted. The court needs to know if Mr. Long is attempting to exhaust claims raised in the original petition or new claims he wishes to add.

Petitioner acknowledges the applicable statute of limitations, and that a federal habeas corpus action does not have the tolling effect of a pending state habeas action. He presents legal authority and argues that his exhausted claims should be stayed and this action held in abeyance while he returns to state court to exhaust his unexhausted claims, and that he should then be allowed federal review on all his claims. He alleges he "runs the risk of forever losing his opportunity for federal review of his unexhausted claims" due to the statute of limitations. For the following reasons, Mr. Long is directed to provide further information, which will allow this court to determine whether a stay would be appropriate under the circumstances of this case.

The stay and abeyance option was recognized in Rhines v. Weber, 544 U.S. 269 (2005), where the United States Supreme Court held that the federal district court has discretion to stay a mixed petition and "hold it in abeyance while the petitioner returns to

---

[7] In his form 2254 petition, Mr. Long presents eleven grounds. He alleged he did not raise issues 1 through 8 on direct appeal, but did raise them in his 1507 motion. He further alleges that he raised issues 9 through 11 on direct appeal. He claimed certain issues were not raised on direct appeal due to ineffective assistance of his appellate counsel, and petitioner's lack of legal knowledge. He stated that all grounds for relief in his Petition have been presented to the highest state court.

Likewise, in the Answer and Return, respondent does not assert that any of petitioner's claims are unexhausted. Instead, respondent argues that Mr. Long should be denied habeas relief because some of his claims have no merit and others were procedurally defaulted in state court.

Long asks the court to deny respondent's Motion to Dismiss, but none has been filed.

state court to exhaust his previously unexhausted claims." Once petitioner has totally exhausted state remedies, the stay is lifted and he may proceed in federal court. This procedure is appropriate where, as here, an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court[8].

However, the Supreme Court warned in Rhines that a stay and abeyance of habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA. Thus, the Court recommended a stay where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics[9]." Rhines, 544 U.S. at 277, 278.

Petitioner states "his unexhausted claims are potentially meritorious," and that he had good cause for failing to exhaust state remedies because his appellate counsel was ineffective. These statements aimed at satisfying two of the three requirements in Rhines are too conclusory. Petitioner must state facts showing the Rhines factors exist in this case. Accordingly, if Long is seeking a stay in order to exhaust claims pled in the original petition, then he is required to allege facts showing, pursuant to

---

[8] Over 55 days have passed since petitioner initiated the instant federal action. As noted, a federal habeas corpus petition does not toll the statute of limitations. Thus, the limitations period continued to run unabated, and expired 55 days after this action was filed. It follows that the dismissal of this Petition at this time, without prejudice, would result in petitioner's losing any opportunity for federal review of his Section 2254 claims, absent a showing of entitlement to equitable tolling.

Petitioner always has the option of dismissing any unexhausted claims, and proceeding only on his exhausted claims.

[9] The Court finds no evidence in the current record suggesting Long has engaged in "intentionally dilatory litigation tactics," and no further showing on this factor is required at this time.

Rhines, (1) that "good cause" exists for his failure to exhaust the unexhausted claims, and (2) that the unexhausted claims are "potentially meritorious" on federal habeas corpus review. Rhines, 544 U.S. at 277-78.

On the other hand, if Long is attempting to exhaust new claims not pled in the original petition, there are additional requirements. He also must demonstrate that any new claims are timely under 28 U.S.C. § 2244(d)(1)[10] because they "relate back" to the claims pled in the original petition pursuant to Rule 15 of the Federal Rules of Civil Procedure (FRCP)[11]. Furthermore, if Long is seeking to exhaust new claims that he wishes to add to the original petition, he also must submit a Proposed Amended Petition, which must include all of the claims, exhausted and unexhausted, that he

10 Unless any new claims relate back, they are probably not timely for the reason that they were not presented in the Petition before the statute of limitations expired 55 days after this action was initiated. The court reiterates that nowhere in the original petition did Mr. Long indicate any of the claims raised therein were unexhausted, and respondent indicated no exhaustion problem in the Answer and Return. It follows petitioner may be wiser to proceed on the exhausted claims in his original petition, rather than amend his Petition to add new claims, stay this action, and return to state court to exhaust his new claims, only to have them dismissed as untimely when he is allowed to return for federal review.

11 Under Rule 15, amendments to a pleading may not be made after the statute of limitations has run unless the amendment relates back to the date of the original pleading. FRCP 15(a). Amendments are deemed to "relate back" to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FRCP 15(c)(2). The Supreme Court examined the operation of the rule's "relation back" requirement in the habeas context in Mayle v. Felix, 545 U.S. 644, 656-57 (2005). There, they rejected the claim that a petitioner's "trial, conviction, or sentence" constitute the "conduct, transaction, or occurrence" contemplated by Rule 15. They reasoned that, otherwise, all amendments would relate back because "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." Id. at 657 (citation omitted). The Court held instead that, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664, 659 ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").

wishes this Court to consider.[12]

In sum, in order for this Court to properly evaluate the Rhines factors and determine whether a stay is warranted in this case, Long is directed to submit a Response to this Order. In his Response, Mr. Long must separately set forth the factual grounds and the legal basis for each of his unexhausted claims as well as facts demonstrating that the Rhines factors exist in this case. If petitioner fails to comply with this Order within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit a Response to this Order in compliance with the foregoing directions.

**IT IS FURTHER ORDERED** that if petitioner's unexhausted claim or claims were not raised in the original petition, petitioner must also file a Proposed Amended Petition on court-provided forms, setting forth every claim, exhausted and unexhausted, that petitioner wishes this Court to consider. Petitioner also must demonstrate that any new claims "relate back" to the original petition under FRCP Rule 15.

The Clerk of the Court is directed to send Petitioner a copy of this Order along with the applicable forms for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 for his use in filing a Proposed Amended Petition, should he decide to file one. Petitioner must place Case No. 07-3009 on any pleadings submitted in this action.

**IT IS SO ORDERED.**

---

[12] An Amended Petition will completely replace, and not simply supplement, the original petition.

Dated this 7th day of August, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge