```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**MARLIN D. LONG,**
       Petitioner,

      v.                       CASE NO. 07-3009-SAC

**RAY ROBERTS,**
       Respondent.

**MARLIN D. LONG,**
       Petitioner,

      v.                       CASE NO. 07-3044-SAC

**RAY ROBERTS,**
       Respondent.

### O R D E R

These consolidated actions were construed as a petition for writ of habeas corpus, 28 U.S.C. 2254. Respondent filed an Answer and Return, and petitioner filed a Traverse together with a Motion for Stay and Abeyance (Doc. 18). In a show cause order entered on August 7, 2007, this court noted that in his motion for stay, petitioner suggested "for the first time that he has claims which are unexhausted, making this a 'mixed petition'"; but that petitioner did not specify what unexhausted claims he seeks to present. Petitioner had alleged in his Petition that all eleven claims raised therein had been presented to the highest state court, either on direct appeal or his state post-conviction motion.

The action is now before the court upon petitioner's Response (Doc. 22) to the court's show cause order entered August 7, 2007. In that Order, the court required petitioner to "set forth the factual grounds and the legal basis for each of his unexhausted claims" as well as facts demonstrating his entitlement to a stay

under cited Supreme Court precedent.

In his Response to the show cause order, petitioner alleges he misinterpreted respondent's Answer and Return as stating he had failed to exhaust some claims, when respondent was actually alleging he had procedurally defaulted some claims, and that this led him to attempt to preserve any unexhausted claims. Petitioner further states that since respondent is not alleging failure to exhaust, he wishes to "dismiss his Motion to Stay and for Abeyance and proceed on the merits." The court finds petitioner's Motion to Stay and for Abeyance (Doc. 18) should be denied because petitioner no longer seeks a stay or to preserve or present unexhausted claims, and this action should proceed on the eleven claims raised in his Petition.

Petitioner also moves for appointment of counsel in his response and by motion (Doc. 23). The court finds this motion should be denied, without prejudice, at this time.

Petitioner's Motion(s) for Extension of Time to File Response (Docs. 20 & 21) are denied as moot, since petitioner filed and the court considered his Response.

The court notes that petitioner also mentions in his Response (Doc. 23) the "issue as to whether the procedural default bar used by the State is independent and adequate." This argument is made in petitioner's Traverse and should accordingly be considered in determining the merits of his Petition.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Stay Case (Doc. 18), Motion(s) for Extension of Time to File Response (Docs. 20 & 21), and Motion to Appoint Counsel (Doc. 23) are denied.

**IT IS SO ORDERED.**

2

Dated this 18th day of September, 2007, at Topeka, Kansas.

```
                              s/Sam A. Crow
                              U. S. Senior District Judge
```